# United States District Court
# Eastern District of California

| | |
|---|---|
| JOSEPH SHERMAN,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>CHIEF PROBATION OFFICER, *et al.*,<br><br>　　　　　　Respondents. | CV 07-02260 TJH<br><br><br>Order |

　　　The Court has considered the petition for *habeas corpus*, together with the moving and opposing papers.

　　　On October 25, 2005, in the Sacramento County Superior Court, the Petitioner was found guilty by a jury of the following misdemeanors: (1) Engaging in disruptive conduct within the state capitol (Penal Code § 171F); (2) Twice willfully and knowingly resisting, delaying, or obstructing officers engaging in their duties (Penal Code § 148(a)); and (3) Contempt of court (Penal Code § 166(a)). The Petitioner was sentenced to 180 days in jail and three years probation. The Petitioner appealed the judgment to the appellate division of the Sacramento County Superior Court, but the appellate division found no arguable issues and affirmed judgment on November 16,

2006. On June 21, 2007, the California Court of Appeal denied Petitioner's writ of *habeas corpus*. On September 12, 2007, the California Supreme Court denied Petitioner's writ of *habeas corpus*. On October 23, 2007, Petitioner, in *pro se*, filed this federal writ of *habeas corpus*.

To obtain *habeas* relief under 28 U.S.C. § 2254(a), the Petitioner must be in custody pursuant to the judgment of a state court. A Petitioner is deemed "in custody" if he files his writ of *habeas corpus* during his period of probation. *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005). The Petitioner filed his federal *habeas* petition on October 23, 2007, almost a year before his probation terminated on October 21, 2008. Further, the fact that the Petitioner is no longer on probation does not make his petition moot. *Chaker*, 428 F.3d at 1219. Accordingly, the Court will consider the merits of the petition.

A writ of *habeas corpus* may be granted only if the Petitioner's state court judgment was in violation of "clearly established federal law, as decided by the Supreme Court," or was based on an "unreasonable determination of the facts" based on the evidence before the state court. 28 U.S.C. § 2254(d)(1-2). Factual decisions made by the state court are presumed to be correct, and the Petitioner has the burden of proof to show the state court made a factual mistake by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**Insufficiency of Evidence**

The Petitioner's first claim is that "there was insufficient evidence to show probable cause in his convictions." This claim challenges the sufficiency of the evidence supporting the Petitioner's convictions.

On September 12, 2007, the California Supreme Court denied Petitioner's writ of *habeas corpus*, citing to *In re: Lindley*, 29 Cal. 2d 709, 117 P.2d 918 (1947). Pursuant to *Lindley*, "[a] petitioner who fails to exhaust sufficiency of evidence

claims in his direct appeal and raises them instead in a subsequent state habeas petition has procedurally defaulted those claims as a matter of California law." *Carter v. Giurbino*, 385 F.3d 1194, 1197 (9th Cir. 2004). While the Petitioner raised this issue on his direct appeal to the appellate division of the Sacramento County Superior, he did not attempt to take a direct appeal to the California Court of Appeal or the California Supreme Court. Rather, the Petitioner filed only state *habeas* petitions with those two courts. Accordingly, the Petitioner failed to preserve this claim by not continuing his direct appeal beyond the appellate division of the Superior Court. The Petitioner could have filed an application asking the appellate division of the Superior Court to certify his direct appeal for transfer to the California Court of Appeal, pursuant to California Rules of Court 8.1005(b)(1). Accordingly, this claim was procedurally defaulted by the California Supreme Court.

The United States Supreme Court has ruled that a *habeas* claim is barred from federal *habeas* review if a state court has deemed the claim to have been procedurally defaulted under an independent state rule:

> In all cases in which a prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565, 115 L. Ed. 2d 640, 670 (1991). The Ninth Circuit has held that *Lindley* is an "independent and adequate state procedural bar" which prevents federal *habeas* review of claims procedurally defaulted by the California Supreme Court. *Carter v. Giurbino*, 385 F.3d 1194, 1198 (9th Cir. 2004). Accordingly, the Petitioner's insufficiency of evidence claim is

barred unless he can show cause and prejudice, or demonstrate that there will be a miscarriage of justice if his claim is not reviewed.

"Cause" under the cause and prejudice test "must be something external to the [P]etitioner, something that cannot fairly be attributed to him ... ." *Coleman* 501 U.S. at 753, 111 S. Ct. at 2566, 115 L. Ed. 2d at 671. In this case, the Petitioner was representing himself, so his failure to appeal to the California Court of Appeal was entirely up to him. Therefore, there was no external cause.

The miscarriage of justice exception deals with actual innocence instead of legal innocence, and has been rejected in virtually every case. *Casey v. Moore*, 386 F.3d 896, 921, n.27 (9th Cir. 2004). To fall within this exception, the Petitioner's innocence must rest on supplemental and reliable evidence obtained post-trial. *Casey*, 386 F.3d at 921. While the Petitioner relies on videotape and audiotape evidence to show his actual innocence, those tapes were presented to the jury. Though the jury heard only one side of the audiotape, the Petitioner had access to the entire tape at trial. Thus, the evidence was not obtained post-trial. Therefore, this claim does not meet the miscarriage of justice standard.

Consequently, the Petitioner's claim for insufficiency of evidence is barred from federal review.

**Evidence of Previous, Uncharged Offenses**

Petitioner's second claim is that improper evidence of previous, uncharged offenses was admitted at trial. The Petitioner objected to testimony from Yolo County Sheriff's Patrol Deputy Kenneth Fisch about a prior altercation with Petitioner at the Sheriff's office. Petitioner also objected to testimony from University of California at Davis Police Officer Jennifer Garcia that detailed Petitioner's disruptive conduct at the student union. As a result of admitting this testimony to show a propensity to disobey police, Petitioner argues the jury was

tainted and his right to due process was violated.

Federal courts "have no authority to review alleged violations of a state's evidentiary rules in a federal habeas proceeding." *Windham v. Merkle*, 163 F.3d 1092, 1103 (9th Cir. 1998). The federal court can only determine whether the admitted evidence "rendered the trial so fundamentally unfair as to violate due process." *Windham*, 163 F.3d at 1103. Here, the admission of Petitioner's prior acts did not make the trial so unfair as to violate due process. The trial court notes that in both instances, Petitioner was confronted by law enforcement officers, which is similar to the charges at issue. The prosecution used the evidence to show Petitioner's state of mind and intent, and these prior acts go to proving the mental component of the crime. Therefore, the admitted evidence did not did not make the trial fundamentally unfair.

**Excluded Jury Instructions**

Petitioner's third claim is that the trial court unjustly excluded jury instructions. At trial, the Petitioner requested two jury instructions. The first instruction was that it was not an interference of business when a person engages his First Amendment rights on public property. The trial court refused to give this instruction because the offense did not have to do with the nature of Petitioner's speech, but with Petitioner's conduct. The second instruction was that if an officer is not acting in his/her lawful duties, then one cannot be in violation of Penal Code § 148(a) when passively resisting arrest. The trial court ruled Petitioner's instruction was encompassed in CALJIC No. 16.110.

The Due Process Clause does not allow federal courts to conduct a detailed review of state evidentiary rules. *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6, 103 S. Ct. 843, 853 n.6, 74 L. Ed. 2d 646, 662 n.6 (1983). In a jury instruction claim, the federal court can only examine whether the instruction so affected the trial that the

resulting conviction violates due process by violating some Constitutional right. *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S. Ct. 475, 482, 116 L. Ed. 2d 385, 399 (1991). There was no violation of a Constitutional right when the trial court denied the Petitioner's jury instructions. By denying the first jury instruction, the Petitioner's First Amendment rights were not violated because the offense had to do with the Petitioner's conduct, not the nature of his speech. The second instruction does not deal with a Constitutional right. Therefore, Petitioner's due process claim for unjustly excluding jury instructions fails.

**Unjust Delay in His Appellate Process**

Petitioner's fourth claim is that there was an unjust delay in his appellate process. There is no Supreme Court authority that guarantees a right to a "speedy trial" at the appellate level. As there is no established Supreme Court precedent, this claim fails under 28 U.S.C. § 2254(d)(1). Petitioner filed his notice of appeal on November 9, 2005. A decision was rendered by the Sacramento Superior Court Appellate Division on November 17, 2006. During the proceedings, Petitioner's sentence was stayed until the Appellate Division made a decision. Therefore, the trial schedule was not unreasonable under 28 U.S.C. § 2254(d)(2).

**Prejudicial Treatment of the Appellant While in Trial**

Petitioner's fifth claim is that there was prejudicial treatment of the Appellant while in trial.

The Fourteenth Amendment guarantees the right to a fair trial. *Estelle v. Williams*, 425 U.S. 501, 503, 96 S. Ct. 1691, 1692, 48 L. Ed. 2d 126, 130 (1976). Our system maintains parties have a presumption of evidence and the court "must be alert to factors that may undermine the fairness of the fact-finding process." *Estelle*, 425 U.S. at 503, 96 S. Ct at 1692, 48 L. Ed. 2d at 130. Having extra security personnel in the courtroom does not violate a defendant's right to due process. *Holbrooke v.*

*Flynn*, 475 U.S. 560, 569, 106 S. Ct. 1340, 1346, 89 L. Ed. 2d 525, 531 (1986). Therefore, Petitioner's claim that having a deputy in the courtroom made the jury biased against him is without merit.

Petitioner also claims the prosecution presented perjured testimony, and the trial court sustained objections by the prosecution. These are state evidentiary matters, which as noted above, are not eligible for federal habeas review. *Windham*, 163 F.3d at 1103 (9th Cir. 1998). Therefore, Petitioner's claims around perjured testimony and objections are not available for federal habeas review.

**Right to Speedy Trial**

Petitioner's final claim is that his right to a speedy trial was violated. The Sixth Amendment guarantees that those accused of crimes have a right to a speedy trial. U.S. Const. amend. VI. The Supreme Court has stated four enquiries to determine if a party's Sixth Amendment rights have been violated: (1) Whether delay before trial was uncommonly long; (2) Whether the government or the defendant is more to blame for the delay; (3) Whether, in due course, the defendant asserted his right to a speedy trial; and (4) Whether he suffered prejudice as the delay's result. *Doggett v. United States*, 505 U.S. 647, 651, 112 S. Ct. 2686, 2690, 120 L. Ed. 2d 520, 528 (1992).

In this case, Petitioner pled not guilty to the charges on April 26, 2005. Jury selection in the case began on October 15, 2005, approximately six months afterwards. As a general rule, courts begin to look at the reasonableness of the delay as it approaches one year. *Doggett*, 505 U.S. at 651, n.1, 112 S. Ct. at 2691, 120 L. Ed. 2d at 528. Petitioner waited approximately six months for trial, which is less than the typical one year requirement. Therefore, Petitioner's delay was not unreasonably long.

As to the second enquiry, Petitioner is more to blame for the delay of the trial.

1  On April 26, 2005, Petitioner plead not guilty to the charges. Pursuant to his speedy
2  trial rights, his trial had to begin by June 10, 2005. On June 8, 2005, Petitioner, who
3  was self-represented, agreed to have counsel assigned. Petitioner's new counsel then
4  requested a continuance to June 28, 2005, in order to prepare for trial. The trial did
5  not commence on June 28, 2005, because Petitioner went into custody on June 21,
6  2005 and was scheduled for release on March 6, 2006. Because Petitioner was in
7  custody, his trial could not commence. Petitioner's counsel requested time waivers
8  on June 28, 2005, and June 30, 2005. Petitioner commenced his new speedy trial
9  rights on July 20, 2005, and expired on October 18, 2005. The main cause of delay
10 was Petitioner's switch from self-representation to being assigned counsel and the
11 Petitioner going into custody.
12     Based upon the discussion above, all of the Petitioner's claims fail on the
13 merits.

15     It is Ordered that the petition be, and hereby is, Denied.

17 Date: August 5, 2011

    _____
    Terry J. Hatter, Jr.
    Senior United States District Judge